Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000138
11-OCT-2019
07:56 AM

NO. CAAP-19-0000138

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JUSTIN P. NAMAUU, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-18-0000399(4))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Justin P. Namauu (**Namauu**) appeals from the Order Denying Defendant's Motion for Recusal of the Honorable Richard T. Bissen, Jr., entered on January 15, 2019 (**Order Denying Recusal**), in the Circuit Court of the Second Circuit (**Circuit Court**).[1] This is an interlocutory appeal, which was filed pursuant to Hawaii Revised Statutes (**HRS**) § 641-17

---

[1] The Honorable Richard T. Bissen, Jr., presided (**Judge Bissen**).

(2016)[2] and the Circuit Court's Order Granting Motion for Leave to File Interlocutory Appeal, entered on February 5, 2019.

On appeal, Namauu contends that the Circuit Court abused its discretion in refusing to reassign this case because a prior judgment of conviction, which was entered by the presiding judge in this case, will be used as evidence in a jury trial, creating an appearance of impropriety.[3]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Namauu's contention as follows:

Namauu has been charged with Murder in the Second Degree in violation of HRS § 707-701.5 (2014), Carrying or Use of Firearm in the Commission of a Separate Felony in violation of HRS § 134-21(a) (2011), two counts of Ownership or Possession Prohibited in violation of HRS § 134-7(b) (2011) (**Felon-in-**

---

[2] HRS § 641-17 provides:

> **§ 641-17 Interlocutory appeals from circuit courts, criminal matters.** Upon application made within the time provided by the rules of court, an appeal in a criminal matter may be allowed to a defendant from the circuit court to the intermediate appellate court, subject to chapter 602, from a decision denying a motion to dismiss or from other interlocutory orders, decisions, or judgments, whenever the judge in the judge's discretion may think the same advisable for a more speedy termination of the case. The refusal of the judge to allow an interlocutory appeal to the appellate court shall not be reviewable by any other court.

[3] Namauu's point of error is stated in terms of an "appearance of impartiality" – and this phrase is used multiple times elsewhere in his argument – but in context, an appearance of impartiality is nonsensical, and it seems clear that he is asserting an appearance of impropriety. For clarity, we will disregard the erroneous wording.

**Possession Counts**),[4] and Place to Keep Pistol or Revolver, in violation of HRS § 134-25(a) (2011).

Namauu argues that Judge Bissen cannot preside over Namauu's trial because: (1) an essential element of the Felon-in-Possession Counts is proof beyond a reasonable doubt that Namauu had a prior felony conviction at the time he possessed the pistol and ammunition; (2) the best evidence to prove a prior conviction is the judgment of conviction itself, citing State v. Sanchez, 82 Hawai'i 517, 524, 923 P.2d 934, 941 (App. 1996); (3) Judge Bissen signed and entered the prior judgment of conviction here; and (4) because the judgment of conviction signed by Judge Bissen is a crucial piece of evidence, it creates an appearance of impropriety for Judge Bissen to preside over the case and, therefore, Judge Bissen abused his discretion in entering the Order Denying Recusal. Namauu does not assert that Judge Bissen holds any bias or prejudice against him. Namauu cites no authority, from any jurisdiction, supporting his proposition that where a prior judgment of conviction signed by a presiding judge may be used as evidence, it creates an appearance of impropriety for the judge to preside over the subsequent case.

---

[4] HRS § 134-7 provides, in relevant part:

§ 134-7 **Ownership or possession prohibited, when; penalty.** . . .

(b) No person who is under indictment for, or has waived indictment for, or has been bound over to the circuit court for, or has been convicted in this State or elsewhere of having committed a felony, or any crime of violence, or an illegal sale of any drug shall own, possess, or control any firearm or ammunition therefor.

Disqualification or recusal cases involve a two-part analysis. State v. Ross, 89 Hawai'i 371, 377, 974 P.2d 11, 17 (1998) (citing State v. Brown, 70 Haw. 459, 467, 776 P.2d 1182, 1187 (1989)). First, "HRS § 601-7[5] is applied to determine whether the alleged bias is covered by any of the specific instances prohibited therein." Id. Then, "[i]f the alleged bias falls outside of the provisions of HRS § 601-7, the court may [ ] turn, if appropriate, to the notions of due process described in

---

[5]    HRS § 601-7 (2016) provides:

§ 601-7 Disqualification of judge; relationship, pecuniary interest, previous judgment, bias or prejudice.
(a)   No person shall sit as a judge in any case in which:

(1)    The judge's relative by affinity or consanguinity within the third degree is counsel, or interested either as a plaintiff or defendant, or in the issue of which the judge has, either directly or through such relative, a more than de minimis pecuniary interest; or

(2)    The judge has been of counsel or on an appeal from any decision or judgment rendered by the judge;

provided that no interests held by mutual or common funds, the investment or divestment of which are not subject to the direction of the judge, shall be considered pecuniary interests for purposes of this section; and after full disclosure on the record, parties may waive disqualification due to any pecuniary interest.

(b)   Whenever a party to any suit, action, or proceeding, civil or criminal, makes and files an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against the party or in favor of any opposite party to the suit, the judge shall be disqualified from proceeding therein. Every such affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed before the trial or hearing of the action or proceeding, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one affidavit; and no affidavit shall be filed unless accompanied by a certificate of counsel of record that the affidavit is made in good faith. Any judge may disqualify oneself by filing with the clerk of the court of which the judge is a judge a certificate that the judge deems oneself unable for any reason to preside with absolute impartiality in the pending suit or action.

Brown in conducting the broader inquiry of whether 'circumstances . . . fairly give rise to an appearance of impropriety and . . . reasonably cast suspicion on the judge's impartiality.'" Id. (quoting Brown, 70 Haw. at 467 n.3, 776 P.2d at 1188 n.3) (ellipses in original; brackets omitted).

Here, there is no allegation of bias or prejudice, or any assertion that HRS § 601-7 otherwise applies. In such situations, a court "may then turn, if appropriate, to the notions of due process in conducting the broader inquiry of whether circumstances fairly give rise to an appearance of impropriety and reasonably cast suspicion on the judge's impartiality." Chen v. Hoeflinger, 127 Hawai'i 346, 361, 279 P.3d 11, 26 (App. 2012) (citations, internal quotation marks, brackets, and ellipses omitted). "A judge who ceases participating because of due-process concerns 'recuses' him or herself." Id. (citation omitted).

Here, Namauu argues that Judge Bissen cannot administer his duties as a trial judge without appearing improper to a reasonable person. He submits that he has a due process right to be convicted of the Felon-in-Possession Counts only when the State proves every element, including the element that may be proved by the prior judgment of conviction entered by Judge Bissen. While this may be true,[6] we reject the proposition that

---

[6]  As the Circuit Court pointed out, Namauu may avoid having the judgment submitted into evidence by stipulating to the fact that he has a prior felony conviction. Although defense attorneys generally advise their clients to do so, it is the client's right to have the State meet its evidentiary burden (see State v. Ui, 142 Hawai'i 287, 297, 418 P.3d 628, 638 (2018)), and our decision assumes that the judgment itself may be offered into
(continued...)

Judge Bissen's presiding over a prior conviction would cause a reasonable person, who is apprised of these facts, to question Judge Bissen's impartiality in this case. See State v. Lioen, 106 Hawai'i 123, 128-30, 102 P.3d 367, 372-74 (2004) (rejecting a similar argument on plain error review). Although the defendant in Lioen argued that the trial judge should have recused *sua sponte*, and here Namauu moved for Judge Bissen's recusal, the underlying principle is the same – by itself, the fact that Judge Bissen entered a previous judgment against Namauu that may be used as evidence in this case does not create an appearance of impropriety and require his recusal. As noted above, Namauu points to no court or other authority that has reached the conclusion that such circumstances mandate recusal and we decline to adopt that position here.

For these reasons, the Circuit Court's January 15, 2019 Order Denying Recusal is affirmed.

DATED: Honolulu, Hawai'i, October 11, 2019.

On the briefs:

Benjamin E. Lowenthal,
for Defendant-Appellant.

Peter A. Hanano,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[6](...continued)
evidence in this case. In that circumstance, the parties can consider steps to address any concerns about admission of the prior judgment.